UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE CO., <br><br> Plaintiff; <br><br> v. <br><br> JOSE CARMONA; ROSA LOPEZ-RAMOS; EDGAR CARMONA; S.C., a minor; the estate of V.C., a deceased minor; the estate of S.C. a deceased minor; INTRAWEST MEDICAL SERVICES, PC; POUDRE VALLEY MEDICAL GROUP, LLC; IVINSON MEMORIAL HOSPITAL FOUNDATION; MEDICAL CENTER OF THE ROCKIES; McKOWN FUNERAL HOME, INC.; and CHILDREN'S HOSPITAL COLORADO <br><br> Defendants. | Case No. 4:15-cv-3000 <br><br><br> **COMPLAINT FOR INTERPLEADER** |

Plaintiff, Progressive Northern Insurance Co. ("Progressive"), for its cause of action against the Defendants alleges and states as follows:

### I.   PARTIES

1. At all times herein mentioned, Progressive has been a Wisconsin corporation with its principal place of business in Ohio.

2. Defendant Jose Carmona, upon information and belief, is the father of defendants S.C., V.C. (deceased), and S.C. (deceased) and is a resident of the state of Nebraska. Jose Carmona was a passenger in the accident described in paragraph nineteen (19) and was allegedly injured in

said accident and may have paid the medical bills of his minor children and therefore may have a claim to the proceeds requested to be interpled.

3. Defendant Rosa Lopez-Ramos, upon information and belief, is the mother of defendants S.C., V.C. (defendants), and S.C. (deceased) and is a resident of the state of Nebraska. Rosa Lopez-Ramos was a passenger in the accident described in paragraph nineteen (19) and was allegedly injured in said accident and may have paid the medical bills of her minor children and therefore may have a claim to the proceeds requested to be interpled.

4. Defendant Edgar Carmona, upon information and belief, was the driver of the vehicle involved in the accident described in paragraph nineteen (19) and is a resident of Mexico. He was allegedly injured in said accident and therefore may have a claim to the proceeds requested to be interpled.

5. Defendant S.C. is and has been a minor child at all times relevant to this lawsuit with a date of birth of March 4, 2009, and is a resident of the state of Nebraska and was allegedly injured in the accident referenced in paragraph nineteen (19) of this Complaint.

6. Defendant V.C. (deceased) was a minor child and (at the time of the accident) a resident of the state of Nebraska, and was allegedly killed in the accident referenced in paragraph nineteen (19) and her estate may have a claim to the proceeds requested to be interpled. At this time, Progressive is uncertain if any personal representative has been appointed for the estate of V.C.

7. Defendant S.C. (deceased) was a minor child and (at the time of the accident) a resident of the state of Nebraska, and was allegedly killed in the accident referenced in paragraph nineteen (19) and his estate may have a claim to the proceeds requested to be interpled. At this

time, Progressive is uncertain if any personal representative has been appointed for the estate of V.C.

8. Defendant Intrawest Medical Services, P.C., upon information and belief, is a Wyoming corporation and has a claim to the funds sought to be interpled or a lien by virtue of medical services or payments provided to the defendants.

9. Defendant Poudre Valley Medical Group, LLC, upon information and belief, is a Colorado company and has a claim to the funds sought to be interpled or a lien by virtue of medical services or payments provided to the defendants.

10. Defendant Ivinson Memorial Hospital Foundation, upon information and belief, is a Wyoming not-for-profit corporation and has a claim to the funds sought to be interpled or a lien by virtue of medical services or payments provided to the defendants.

11. Defendant Medical Center of the Rockies, upon information and belief, is a not-for-profit Colorado corporation and has a claim to the funds sought to be interpled or a lien by virtue of medical services or payments provided to the defendants.

12. Defendant McKown Funeral Home, Inc., upon information and belief, is a Nebraska corporation authorized to conduct business in this state and has a claim to the funds sought to be interpled or a lien by virtue of funeral services or payments provided to the defendants.

13. Defendant Children's Hospital Colorado, upon information and belief, is a Colorado not-for-profit corporation and has a claim to the funds sought to be interpled or a lien by virtue of medical services or payments provided to the defendants.

## II. JURISDICTION AND VENUE

14. Progressive brings this interpleader action pursuant to 28 U.S.C. § 1335, which is in full force and effect.

15. Progressive has custody or possession of money, in controversy, in excess of Five Hundred Dollars ($500), to wit, the policy proceeds of an automobile insurance policy of Jose Carmona in the sum of Fifty Thousand Dollars ($50,000.00) (the "Policy Proceeds").

16. Defendants are adverse claimants, at least two of which are diverse in citizenship, who are believed to claim entitlement to the Policy Proceeds, payment of which to any of the defendants may expose Progressive to double or multiple liability. This Court, therefore, has subject matter jurisdiction under 28 U.S.C. § 1335.

17. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1397 because at least one of the defendants resides in this judicial district of Nebraska where the action is filed.

### III. CLAIM FOR RELIEF

18. On October 22, 2012, Progressive issued to Jose Carmona an automobile liability insurance policy, Policy No. 27339386 ("the Policy"), with an effective date of November 17, 2012, and expiration date of May 17, 2013. The Policy limits for a single accident were $25,000.00 per person and $50,000.00 per accident covering several vehicles including a 2003 Ford F-150 involved in this accident.

19. On or about January 3, 2013, near Laramie, Albany County, Wyoming, Defendant Edgar Carmona was operating a 2003 Ford F-150, eastbound on I-80. Defendants Jose Carmona, Rosa Lopez-Ramos, S.C., V.C. (deceased), and S.C. (deceased) were passengers when the vehicle hit a bridge support pylon and rolled several times allegedly causing injuries to Edgar Carmona, Jose Carmona, Rosa Lopez-Ramos, and S.C. In addition, S.C. (deceased) and V.C. (deceased) died as a result of the accident.

20. Without admitting any liability, Progressive offers to interplead the total policy limits of the Policy described in paragraph eighteen (18) of this Complaint. The collective demands or

claims of the various Defendants appear to be in excess of the defendant's policy limits of $50,000.00.

21. The amount of each claim and the total amount of the claims against are not presently known to Progressive at this time since none of said claims have been reduced to judgment.

22. By reason of the conflicting claims and/or liens of the Defendants which appear to exceed the policy limits, Progressive is in doubt and cannot safely determine which Defendant or Defendants are entitled to payment or in what amounts.

23. Progressive, therefore, seeks an Order from this Court allowing it to interplead the total policy limits of the Policy, Fifty Thousand Dollars ($50,000.00), for judicial determination and disposition of the Policy proceeds. Plaintiff does so without admitting liability on the part of Progressive or it's insured.

24. Progressive claims no interest in the Policy proceeds.

25. Progressive has incurred, is incurring, and will continue to incur costs and attorney's fees in bringing this action.

26. Plaintiff seeks to be discharged from this action and released from any and all claims, whether in contract or in tort, damages, actions, or causes of action on account of injuries to persons, damaged property, or loss or expense in any way resulting, or which may in the future result, as well as any claim that may be made by any of the Defendants against Progressive relating to the accident described in paragraph nineteen (19) of this Complaint.

27. Progressive cannot pay the policy limits without taking upon itself the responsibility of determining disputed questions of law and fact; without incurring the risk of being subjected to great costs and expenses in defending itself; without incurring the risk of double payment, if it

should finally appear that Progressive wrongfully determined in favor of one Defendant at the expense of another; and without being involved in a multiplicity of suits.

WHEREFORE, Progressive prays for the following:

A. That Progressive be permitted to pay the amount of Fifty Thousand Dollars ($50,000.00) to the Clerk of this Court to be held in an interest-bearing account pending adjudication of the privity of claims or liens of the Defendants;

B. That upon payment of said amount to the Clerk of this Court, Progressive be dismissed from this action, and be released from all further liability and obligations as a result of the automobile accident described in paragraph nineteen (19) of this Complaint.

DATED this 2nd day of January, 2015.

PROGRESSIVE UNIVERSAL INSURANCE COMPANY, Plaintiff.

By: */s/ Nathan D. Anderson*
Nathan D. Anderson, #25091
WOLFE SNOWDEN HURD LUERS & AHL, LLP
Wells Fargo Center
1248 "O" Street, Suite 800
Lincoln, NE 68508
Phone: (402) 474-1507
Fax: (402) 474-3170
nanderson@wolfesnowden.com