IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| PROGRESSIVE NORTHERN INSURANCE CO., | |
|---|---|
| Plaintiff, | 4:15-CV-3000 |
| vs. | MEMORANDUM & ORDER |
| JOSE CARMONA, et al., | |
| Defendants. | |

This matter is before the Court on the defendant Rosa Lopez-Ramos's unopposed motion for default judgment against Edgar Carmona (filing 85).

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step procedure for the entry of default judgments. First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk of Court enter a default by showing that the opposing party has failed to plead or otherwise defend. Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the Rule. The Clerk of Court has entered a default against Edgar Carmona (filing 88).

When a default is entered, facts alleged in the complaint—except as to damages—may not be later contested. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). But before entering a default judgment, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Murray*, 595 F.3d at 871. It is, therefore, incumbent upon the Court to ensure that the unchallenged facts constitute a legitimate cause of action before entering final judgment. *Marshall*, 616 F.3d at 852–53. Having examined the complaint, the Court concludes that the plaintiff has stated a claim for interpleader. *See* 28 U.S.C. § 1335.

Accordingly, the Court finds that default judgment is appropriate. In the context of an interpleader action, a defendant against whom a default judgment has been entered forfeits any claim of entitlement that it might have asserted. *See Gulf Coast Galvanizing, Inc. v. Steel Sales, Co.*, 826 F. Supp. 197, 203 (S.D. Miss. 1993) (quoting *General Accident Grp. v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn. 1984)); *see also Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("[I]f all but one named

interpleader defendants defaulted, the remaining defendant would be entitled to the fund.").

Finally, the Court concludes that under the circumstances of this case, no hearing or notice to Edgar Carmona is necessary before entering a default judgment: Edgar Carmona has not appeared, and the interpleader relates to a sum certain.

IT IS ORDERED:

1. The defendant Rosa Lopez Ramos's unopposed motion for default judgment (filing 85) is granted.

2. Judgment is entered against Edgar Carmona, finding that he is not entitled to any share of the judgment proceeds in the underlying interpleader action.

Dated this 22nd day of April, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge